IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AARON C. LEWIS,

       Petitioner,

v.                                      Civil Action No. 3:06-CV-47
                                              Criminal Action No. 3:03-CR-17

UNITED STATES OF AMERICA,        (JUDGE BAILEY)

       Respondent.

## AMENDED[1] REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED

### I. INTRODUCTION

On May 11, 2006, petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response May 30, 2007.

### II. FACTS

A. **Conviction and Sentence**

Petitioner was named in a twelve count superseding indictment filed on June 3, 2003 in the Northern District of West Virginia. Petitioner was charged in count 1 in a conspiracy to possess with the intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; in counts 2, 5, 7, 9, and 10 with distribution of six ounces of cocaine base in violation of 21 U.S.C. § 841(a)(1); in counts 3, 4, 6, 8, and 11 with distribution of 1.85 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); and in count 12 with aiding and abetting the distribution of .37 grams of crack in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841.

---

[1] The sole purpose of the Amendment is to correct the error in the original Report and Recommendation stating petitioner was appearing *pro se*. Petitioner is not appearing *pro se*.

1

On August 13, 2003, petitioner was convicted by a jury on all twelve counts. On November 4, 2003, petitioner was sentenced to a term of imprisonment of 275 months on counts 1, 2, 5, 7, 9, and 10 and 240 months, concurrent, on counts 3, 4, 6, 8, 11, and 12.

**B.      Appeal**

On November 10, 2003, petitioner filed a notice of appeal. On July 6, 2004, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied petitioner's petition on February 22, 2005.

**C.      Federal Habeas Corpus**

The petitioner asserts the following grounds for relief:

1.      The Court did not have jurisdiction over the conspiracy alleged in Count 1 because petitioner was a juvenile during a portion of the conspiracy and the Court did not comply with the requirements of the Federal Juvenile Delinquency Act, 18 U.S.C. § 5301, for prosecuting a juvenile.

2.      The Government's failure to submit a Bill of Particulars detailing when, where, and with whom the acts in Counts 2 through 7 occurred prejudiced petitioner because he was unable to adequately prepare a defense for trial.

3.      Newly discovered evidence, namely a Bill of Sale, establishes the government's witness, David Rosario, fabricated his statements about having bought cocaine from petitioner on March 28, 2002.

4.      The Government's witnesses Joseph Lockett and Jonathan Crawford made statements to the grand jury that were inconsistent with their prior statements made to

investigators. Furthermore, there was insufficient evidence to convict petitioner of the substantive drug charges in counts 2 through 11.

In its response to the Petitioner's motion, the Government asserts:

1.   The Court had jurisdiction over the acts alleged in Count 1 because although petitioner joined the conspiracy as a juvenile, he continued his involvement as an adult.

2.   Although the Government did not submit a Bill of Particulars, the superseding indictment, witness lists, <u>Jencks</u> and <u>Giglio</u> materials provided to petitioner before trial sufficiently apprised petitioner of the charges against him.

3.   The Bill of Sale does not establish David Rosario fabricated his testimony. Furthermore, petitioner failed to prove the five elements necessary for receiving a new trial based on newly discovered evidence.

4.   Petitioner failed to prove that no reasonable jury could have convicted him of the substantive drug charges in counts 2 through 11.

### D.   **Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because his claims are without merit.

### III.  ANALYSIS

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought

pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**A.      Timeliness of Motion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255. The limitation period shall run from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Where a federal prisoner files a petition a writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final - thereby triggering the one-year limitation - when the Supreme Court either denies certiorari or issues a decision on the merits. Clay v. United States, 537 U.S. 522, 525 (2003).

In the present case, the Supreme Court denied petitioner's writ of certiorari on February 22, 2005. Petitioner therefore had until February 22, 2006 to file his motion under § 2255. On February 22, 2006, petitioner requested the Court grant him a two month extension to file his motion under § 2255. On March 13, 2006, the Court granted petitioner's request and extended

the period within which petitioner may file his motion to May 12, 2006. Petitioner filed his motion on May 11, 2006. Because petitioner filed his § 2255 motion within the period of time designated by the Court, the Court finds petitioner's motion was timely.

**B.      Procedurally Defaulted Issues**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues he may bring in his § 2255 motion. It is well settled non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). Constitutional issues that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged errors. United States v. Maybeck, 23 F.3d 888, 891 (1994). Petitioner may alternatively demonstrate "actual innocence," or that it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621 (1998). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

The Court finds petitioner is not barred from raising his first issue because challenges to the jurisdiction of the Court may be raised on collateral attack. See 28 U.S.C. § 2255; see, also, Sunal v. Large, 332 U.S. 174, 178-179 (1947). However, petitioner is barred from raising issues 2 and 3 because he has failed to show "cause" and "prejudice" for failing to raise them on direct appeal. Maybeck, 23 F.3d at 891. Furthermore, petitioner is barred from raising issue 4 because challenges to the sufficiency of the evidence may not be raised on collateral attack and because

5

petitioner's previous challenge, made on direct appeal, to the sufficiency of the evidence as to counts 2, 5, 7, 9, and 10 was rejected. Boeckenhaupt, 537 F.2d at 1182.[2]

**B.      Issue 1 - Whether the Court Had Jurisdiction Over Count 1**

Petitioner alleges the Court did not have jurisdiction over the conspiracy charged in Count 1 because petitioner was a juvenile through a period of the conspiracy and the Court failed to comply with the requirements of the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq for prosecuting a juvenile. The Government contends the Court had jurisdiction over Count 1 because although petitioner was a juvenile at the time he joined the conspiracy, he remained in the conspiracy as an adult.

The Court finds the trial Court had jurisdiction over the acts alleged in Count 1.[3] Count 1 of the superseding indictment charged petitioner in a conspiracy alleged to have occurred "from on or about January, 1999 to on or about the date of the return of the indictment," or June 3, 2003. Because petitioner was born on January 7, 1984, acts committed by petitioner prior to January 7, 2002 were committed as a juvenile and acts committed by petitioner on or after January 7, 2002 were committed as an adult. Petitioner therefore allegedly joined the conspiracy as a juvenile. However, because the Government proved petitioner's involvement in the

---

[2] Petitioner raised the following four issues on direct appeal: 1) Whether the United States presented sufficient evidence to support defendant's conviction on the substantive drug distribution charges; 2) whether the district court committed clear error in its calculation of defendant's relevant conduct; 3) whether the district court plainly erred in its instructions to the jury as to the object of the conspiracy; 4) whether the district court plainly erred in its instructions to the jury concerning defendant's Pinkerton (Pinkerton v. United States, 328 U.S. 640 (1946)) liability regarding charged conspiracy.

[3]   The "act" alleged in Count 1 is the "criminal agreement" itself, not any of the actual distributions of cocaine that were the object of the criminal conspiracy. United States v. Shambani, 513 U.S. 10, 16 (1994). As held by the Supreme Court, the government, in order to prove a violation of 21 U.S.C. § 846, "need not prove the commission of any overt acts in furtherance of the conspiracy. . . . [T]he criminal agreement itself is the actus reas." Id.

6

conspiracy continued into his adulthood, the Court had jurisdiction and his conviction may be sustained. United States v. Spoone, 741 F.2d 680 (4th Cir. 1984) [upholding conspiracy conviction of adult defendant who joined conspiracy as a juvenile yet committed one overt act in furtherance of the conspiracy as an adult]. The fact the Government presented evidence of petitioner's involvement as a juvenile does not disturb the Court's finding because the Court finds the jury was properly instructed they were to consider evidence of petitioner's juvenile involvement merely for purposes outlined in the F.R.E. § 404(b) (such as knowledge, intent, and motive), not as evidence of his guilt of the crime. Id. at 687; see F.R.E. 404(b). Finally, the Court finds petitioner's reliance on the Federal Juvenile Delinquency Act is misplaced. The Act applies to the prosecution of a juvenile in federal court. 18 U.S.C. §§ 5031, 5032. The Act does not apply to the prosecution of an adult in federal court who joined a conspiracy as a juvenile. Spoone, 741 F.2d at 687.

C.    **Issue 2 - Whether Petitioner was Prejudiced By the Government's Failure to Submit a Bill of Particulars**

Petitioner argues the Government's failure to submit a Bill of Particulars as to Counts 2 through 7 of the indictment prejudiced his ability to prepare a defense for trial. The Government contends although the Government did not comply with the Court's order to submit a Bill of Particulars, petitioner was not prejudiced by the Government's noncompliance because petitioner received the requested information in the superseding indictment, witness lists, and Jencks and Giglio material.

The original indictment filed April 2, 2003 charged petitioner in Counts 2 through 7 with distributing cocaine base, "in or about January, February and March of 2002," in violation of 21

U.S.C. § 841(a)(1).[4] On April 30, 2003, petitioner moved the Court to order the Government to submit a Bill of Particulars detailing a) the identity of others involved in each count, b) the alleged circumstances of petitioner's participation in each count, c) which acts were purportedly committed by petitioner while he was under eighteen, d) what acts in support of the conspiracy were purportedly committed by petitioner after he was eighteen, e) additional detail on the time and location of the acts charged in Counts 2 through 7.[5] On May 14, 2003, the Court granted petitioner's motion, ordering the Government to submit a Bill of Particulars stating when, where, and with whom the acts in Counts 1 through 7 took place and which, if any, of the alleged acts were committed prior to petitioner's eighteenth birthday.[6] The Government objected to the Order but the Court's Order was affirmed.

On June 3, 2003, the Government filed a superseding indictment that specified in greater detail the dates of the alleged acts in Counts 2 through 7.[7] The new dates established the alleged acts were committed by petitioner after he turned eighteen. The superseding indictment did not, however, provide any detail as to where or with whom the acts in Counts 2 through 7 took place. On May 27, 2003, the Government provided petitioner with a witness list and Jencks and Giglio material. The Government never submitted a Bill of Particulars.

The Court finds petitioner was not prejudiced by the Government's failure to submit the Bill of Particulars because the superseding indictment, witnesses lists, and Jencks and Giglio materials provided the information originally sought in the Bill of Particulars and sufficiently enabled petitioner to prepare a defense, minimize surprise at trial, and avoid double jeopardy.

---

[4] Docket No. 1.
[5] Docket No. 15.
[6] Docket No. 19.
[7] The superseding indictment also added four additional charges, Counts 9, 10, 11, and 12.

United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996); United States v. Shembari, 484 F.2d 931, 934-35 (4th Cir. 1973). Specifically, the dates contained in the superseding indictment sufficiently apprised petitioner of "when" the acts in Counts 2 through 7 occurred, that all acts in Counts 2 through 7 occurred after petitioner turned eighteen, and "where" each alleged act occurred. Similarly, the witness lists sufficiently apprised petitioner of the individuals "with whom" the acts in Counts 2 through 7 took place and were given to petitioner in sufficient time before trial. The Court finds the failure of the witness lists to specify which witness would testify to which of the alleged acts is insignificant, because the government need not provide "detailed disclosure of the government's evidence in advance of trial." United States v. Automated Medical Labs, Inc., 770 F.2d 399, 405 (4th Cir. 1985). Petitioner was permitted to contact the witnesses to determine the specifics of their testimony.

**D.    Issue 3 - Whether the Government's Witness Fabricated Evidence Before the Grand Jury.**

Petitioner alleges newly discovered evidence establishes David Rosario, a witness for the Government, fabricated statements to Detective Snyder. The Government argues the "newly discovered" evidence fails to establish Mr. Rosario fabricated testimony. Additionally, the Government alleges even if the evidence establishes Mr. Rosario fabricated testimony, the evidence fails to establish grounds for vacating petitioner's conviction.

On June 3, 2003, Detective Snyder testified before the grand jury about statements made to him by David Rosario. The statements, which established the basis for Count 12, concerned a controlled buy made by an undercover agent from Mr. Rosario. Detective Snyder testified to the grand jury Mr. Rosario told him he obtained the drugs at issue from a black male in a green SUV. Detective Snyder also testified Mr. Rosario, after pleading guilty and getting debriefed,

9

said he obtained the drugs at issue from petitioner on March 28, 2002. Petitioner concedes that he owned a green color SUV but argues he did not purchase a green color SUV until April 6, 2003. Petitioner has submitted a Bill of Sale as proof of his purchase and proof Mr. Rosario fabricated his statements to Detective Snyder.

The Court finds petitioner's argument is without merit. First, the Bill of Sale establishes petitioner bought a green-color SUV on April 6, 2002, <u>not</u> April 6, 2003 as alleged by petitioner. Second, the Bill of Sale does not definitively establish Mr. Rosario fabricated his testimony. The proximity in time between March 28, 2002 (the date Mr. Rosario alleged he encountered petitioner in the green SUV) and April 6, 2002 (the date petitioner bought his car) makes it entirely possible Mr. Rosario was merely mistaken as to the exact date of the transaction as opposed to intentionally fabricating evidence. Second, even if the Bill of Sale could be construed as proving Mr. Rosario fabricated his testimony, petitioner has failed to establish the required grounds for a new trial. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a motion for a new trial based on newly discovered evidence may be granted if the petitioner proves all the following five factors:

> "a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; b) the facts must be alleged from which the court may infer diligence on the part of the movant; c) the evidence relied on must not be merely cumulative or impeaching; d) it must be material to the issues involved; and e) it must be such, and of such nature, that on a new trial, the newly discovered evidence would probably produce an aquittal."

<u>United States v. Custis</u>, 988 F.2d 1355, 1359 (4th Cir. 1993) (quoting <u>United States v. Bales</u>, 813 F.2d 1289, 1295 (4th Cir. 1987); <u>see</u>, <u>also</u>, <u>United States v. Singh</u>, 54 F.3d 1182, 1190 (4th Cir. 1995). Petitioner has failed to prove the above elements. First, petitioner has failed to prove the

Bill of Sale was discovered only since the trial nor that he exercised diligence in attempting to locate the Bill of Sale. Presumably, petitioner was aware prior to the start of the August 11, 2003 trial that he had purchased a green-color SUV on or about April 2002 and that a Bill of Sale likely existed to prove the date of his purchase. Second, petitioner has failed to show the Bill of Sale would "probably produce an acquittal." The Bill of Sale would merely have impeached Mr. Rosario's ability to accurately recall dates rather than produce an acquittal due to the detail of Mr. Rosario's testimony coupled with Joseph Lockett's testimony petitioner distributed cocaine base in March 2002.[8] Although William Pennington testified Mr. Rosario intended to falsely testify against petitioner, [9] William Pennington's testimony was uncorroborated.

E.  **Issue 4 - Whether There was Sufficient Evidence to Convict Petitioner of Counts 2 Through 11.**

Petitioner alleges witnesses Joseph Lockett's and Jonathan Crawford's statements to the grand jury were inconsistent with their statements to investigators and that Lockett's testimony was "unsubstantiated and uncorroborated" such that it was "unreasonable for the jury to base convictions on such evidence." Petitioner thus broadly alleges there was insufficient evidence to support his convictions of counts 2 through 11. The Government contends petitioner has failed to show the evidence was insufficient.

Generally, a jury's conviction may be reversed for insufficient evidence where, "viewing the evidence in the light most favourable to the government, any rational trier of fact would have

---

[8] Joseph Lockett testified he bought cocaine from petitioner in January, February, and into March.

[9] William Pennington testified at the trial he was in the Eastern Regional jail with Mr. Rosario and that Mr. Rosario told him he hated petitioner and intended to falsely testify against petitioner at trial.

found the defendant guilty beyond a reasonable doubt." United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995).  Because it is the jury's view of the sufficiency of the evidence which controls, "[t]he relevant question is not whether the appellate court is [itself] convinced beyond a reasonable doubt."  Id.; Burks v. Unites States, 437 U.S. 1, 17 (1978).  Similarly, it is the jury's province, not the appellate court's, to evaluate and determine a witness' credibility.  Johnson v United States, 271 F.2d 596, 597 (4th Cir. 1959) [holding, "it is the duty of the trier of fact to hear the evidence, to determine the credibility of the witnesses and to determine the weight to be accorded to the testimony of each witness"].

The Court finds petitioner has failed to meet his burden of showing that no rational jury could have found him guilty beyond a reasonable doubt of counts 2 through 11.  Reavis, 48 F.3d at 771.  Regarding Counts 2, 5, 7, 9, and 10, witness Lockett testified he purchased six ounces of cocaine from petitioner on five occasions, beginning around the time of the Superbowl in 2002, two weeks following the Superbowl, near Valentine's Day, and the first and third weeks in March 2002.  Petitioner argues Lockett's prior statements to the grand jury that petitioner sold him 28 grams on each occasion, rather than six ounces, impeached his testimony and left his testimony "uncorroborated and unsubstantiated."  In viewing the evidence in the light most favourable to the government, the Court finds there was sufficient evidence for a jury to convicted petitioner of counts 2, 5, 7, 9, and 10.  Furthermore, the Court notes the jury was made aware of Lockett's inconsistent statements to the grand jury and investigators[9] and nevertheless decided to believe Lockett's testimony, as evidenced by their conviction on counts 2, 5, 7, 9, and

---

[9] Lockett admitted on cross-examination he had not originally told investigators about the six ounce quantities and that he had testified to the grand jury his purchases from petition began in the Fall of 2002.

12

10. The Court will not disturb the jury's assessment of a witness' credibility.  Johnson, 271 F.2d at 597.

Similarly, the Court finds petitioner has failed to prove that no rational jury could find him guilty beyond a reasonable doubt of counts 3, 4, 6, 8, and 11.  Witness Crawford testified before the jury that he purchased "wholesale" amounts of cocaine base from petitioner five to ten times in early 2002, in or around January, February and March.  Petitioner argues Crawford's testimony was inconsistent with statements he made to the grand jury that the purchases occurred in 2000 and 2001.  The Court, again, finds, petitioner has failed to meet his burden of proving his convicted rested on insufficient evidence.  In addition to there being sufficient evidence to support his conviction for counts 3, 4, 6, 8, and 11, including Crawford's testimony and other witness' testimony establishing petitioner's involvement in the sale of drugs on or about January, February, and March 2002, the jury determined Crawford's testimony was credible.  The Court will not disturb its finding.  Johnson, 271 F.2d at 597.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket because petitioner's claims are without merit.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John P. Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to counsel of record.

DATED: November 19, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE