# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**AARON C. LEWIS,**

    **Petitioner,**

v.                                                    Civil Action No.    3:06CV47
                                                     Crim. Action No.   3:03CR17
                                                                 (BAILEY)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Amended Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Crim. Doc. 148; Civ. Doc. 6) and the petitioner's corresponding objections (Crim. Doc. 151). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the

Court that the **Magistrate Judge's Amended Report and Recommendation (Crim. Doc. 148; Civ. Doc. 6)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2255 are as follows. On August 13, 2003, a jury found petitioner guilty of one count of conspiracy to distribute 50 grams or more of cocaine base (count 1), ten counts of distribution of cocaine base (counts 2-11), and one count of aiding and abetting the distribution of cocaine base (count 12). As a result, the Court sentenced petitioner to a 275 month term of incarceration. Thereafter, petitioner unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence by unpublished opinion on July 6, 2004.

On May 11, 2006, the plaintiff filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Crim. Doc. 137; Civ. Doc. 1). In the petition, plaintiff asserts that the Court lacked jurisdiction over the conspiracy count as the petitioner was a juvenile for a portion of the conspiracy, and the Court did not comply with the mandates of the Federal Juvenile Detention Act, 18 U.S.C. § 5301. In addition, the petitioner contends that the Government's failure to submit a Bill of Particulars unfairly prejudiced the petitioner by rendering him unable to prepare an adequate defense. Further, petitioner alleges that a bill of sale for a green SUV constitutes newly discovered evidence establishing that Government witness David Rosario lied about buying cocaine from petitioner on March 28, 2002. Finally, petitioner argues that Government witnesses Joseph Lockett and Jonathan Crawford gave grand jury testimony inconsistent with their prior statements, and therefore, there is insufficient evidence to support petitioner's conviction on counts 2-11.

On May 3, 2007, the United States filed its Response to the Petition (Crim. Doc. 145). There, the Government argues that the Court properly exercised jurisdiction over count one, as the petitioner continued his involvement in the conspiracy past the age of majority. Moreover, the Untied States contends that no prejudice resulted to the petitioner from the Government's failure to submit a Bill of Particulars as the superseding indictment, witness lists, and **Jencks** and **Giglio** materials provided petitioner with sufficient information to prepare an adequate defense. In addition, the United States argues that petitioner's purported newly discovered evidence is neither new nor sufficient to warrant a new trial. Finally, the Government alleges that petitioner has failed to prove that his conviction on counts 2-11 is supported by insufficient evidence.

Upon consideration, the Magistrate Judge found petitioner's claims to be without merit and recommended that the petition be dismissed. In response, petitioner objects that his time at Glen Mill Reform School served as a "forced departure" from the conspiracy, and further that, the Court erred in admitting evidence of petitioner's juvenile criminal acts. In addition, petitioner again asserts that the Government's failure to submit a Bill of Particulars rendered him unable to prepare an adequate defense.

In regard to petitioner's first objection, the Court concurs with the finding of the Magistrate Judge, that the Court properly exercised jurisdiction over count one of the superseding indictment. Specifically, petitioner objects that his involuntary confinement in a juvenile detention center served as a forced withdrawal from the conspiracy. Further, petitioner contends that while the Fourth Circuit law clearly allows for the prosecution of an adult defendant for a conspiracy that he joined as a minor, the case at bar is distinguishable because the Government failed to provide a Bill of Particulars clarifying

whether the alleged conduct occurred while the petitioner was a juvenile. In addition, the petitioner alleges that the Court improperly admitted evidence of petitioner's juvenile criminal acts which in turn allowed the petitioner to be prosecuted for acts committed as a juvenile. Finally, petitioner appears to argue in his objections to the Amended Report and Recommendation that the superseding indictment, based on the grand jury testimony of Detective Snyder, was insufficient to provide notice to the accused of the relevant dates and times in order to determine whether the charged conduct included acts committed by the defendant as a juvenile.

As an initial matter, petitioner's forced withdrawal argument must fail. Fourth Circuit law is well settled that "a defendant's membership in a conspiracy is presumed to continue until he withdrawals from the conspiracy by affirmative action." ***United States v. West***, 877 U.S. 281, 289 (4th Cir. 1989). Therefore, petitioner's "forced departure" cannot constitute a withdrawal within the meaning of the law. Similarly, the argument that the petitioner did not receive proper notice as to which of the actions charged occurred when he was a juvenile is equally without merit. The superseding indictment made clear that the conspiracy count was the only count which involved the period of time when petitioner was a juvenile. In addition, the Court properly instructed the jury not to consider petitioner's pre-eighteen acts as evidence of guilt on the conspiracy charge. As such, this case is controlled by ***United States v. Spoone***, 741 F.2d 680, 687 (4th Cir. 1984), as the petitioner continued to play an active role as an adult in the conspiracy he joined as a minor.

Turning to petitioner's second objection, the Court finds that the Government's failure to submit a Bill of Particulars did not result in prejudice to the petitioner. Initially, it

bears mention that the Court granted defendant's motion for a Bill of Particulars in order to cure deficiencies in the original indictment. Thereafter, the Government sought and obtained a superseding indictment alleviating any ambiguity regarding whether or not the defendant was a juvenile during the alleged conduct. In addition, the Court finds that the witness lists and *Jencks* and *Giglio* materials provided the petitioner with sufficient information to prepare his defense, minimize surprise at trial, and avoid double jeopardy. Moreover, the Court finds it noteworthy that both the defendant and his trial counsel were satisfied with the level of disclosure at the time of trial. While petitioner persists in his general assertion that he was prejudiced, he has failed to specifically how his defense, or the results of the trial itself, would have been different had the Government submitted the Bill of Particulars. Therefore, petitioner's claim that he was prejudiced by the Government's failure to submit the Bill of Particular is without merit.

In addressing the remaining asserted grounds for relief, the Court notes the well settled precedent that non-constitutional issues that could have been, but were not, raised on direct appeal may not be raised in a collateral attack. *Sunal v. Large*, 332 U.S. 174, 178-89 (1947). Despite this prohibition, there is an exception to the general rule of waiver where the petitioner demonstrates both cause, that excuses his procedural default, and actual prejudice, resulting from the alleged errors. *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994). In the alternative, petitioner may show "actual innocence"–that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted the petitioner. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Nevertheless, if an issue was rejected on direct appeal it may not be raised again in a

collateral attack.  **Boechenhaupt v. United States**, 537 F.2d 1182 (4th Cir. 1976).

In light of the above standards, the Magistrate Judge found that petitioner is barred from raising his remaining claims because he has neither shown cause for his failure to assert the arguments on direct appeal nor has petitioner shown any prejudice stemming from the alleged errors.  In addition, the Magistrate Judge found that, to the extent that the defendant is attempting to challenge the sufficiency of the evidence to sustain his conviction, the claim is barred as it was both raised and rejected on direct appeal.  Further, the Court notes that the petitioner failed to object to these findings thereby waiving his right to *de novo* review.  After thorough review, the Court concurs with the finding of the Magistrate Judge, that petitioner's remaining claims are barred.  However, in the interests of completeness, the Court will consider petitioner's remaining claims as they are equally without merit.

Regarding petitioner's claim that the bill of sale for a green SUV constitutes newly discovered evidence establishing that Government witness David Rosario lied about buying cocaine from petitioner on March 28, 2002, the Court agrees with the finding of the Magistrate Judge.  Even if such evidence could be considered newly discovered its admission could not properly be said to "probably produce an acquittal," the required standard for granting a new trial under Fed. R. Crim. P. 33. **United States v. Custis**, 988 F.2d 1355, 1359 (4th Cir. 1993)(citations omitted).  At best, the admission of the bill of sale would tend to show that witness Rosario was mistaken about the drug transaction by a few days.  However, the admission of the bill of sale would also corroborate the testimony of witness Rosario by showing that the petitioner actually owned a vehicle of the type

identified as being used in the transaction.  Such evidence is simply not of the nature contemplated by Rule 33, and therefore, petitioner's claim is without merit.

As a final matter, the Court finds that petitioner's claim that witnesses Joseph Lockett and Jonathan Crawford gave grand jury testimony inconsistent with their prior statements and therefore, there is insufficient evidence to support petitioner's conviction on counts 2-11, is without merit.  In order to set aside a jury verdict as being supported by insufficient evidence, the petitioner must show that, "viewing the evidence in a light most favorable to the Government," no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  ***United States v. Reaevis***, 48 F.3d 763, 771(4th Cir. 1995). Furthermore, the law is clear that a court will not disturb the jury's credibility assessment. ***Johnson v. United States***, 271 F.2d 596, 597 (4th Cir. 1959).  In consideration thereof, and in light of all the evidence produced at trial, the Court finds that the petitioner has failed to meet his burden.  To the extent that the jurors chose to believe the testimony of the witness, that determination was within their province, as the Court cannot now say that, when viewing the evidence in the light most favorable to the Government, no reasonable juror could have found the defendant guilty beyond a reasonable doubt.

For the foregoing reasons, and those more fully contained in the Amended Report and Recommendation of the Magistrate Judge (Crim. Doc. 148; Civ. Doc. 6), the Court hereby **ORDERS** as follows:

1. **Magistrate Judge's Amended Report and Recommendation (Crim. Doc. 148; Civ. Doc. 6)** is **ORDERED ADOPTED**; and

2. **The Petition for Writ of Habeas Corpus (Crim. Doc. 137; Civ. Doc. 1) is**

**DENIED .**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated this 23rd day of May, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE